UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br>Plaintiff,<br>v.<br>MATTEL, et al.,<br>Defendants. | No. 2:24-cv-1954 DAD AC PC<br><br>ORDER and<br>FINDINGS AND RECOMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief for an alleged copyright violation and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that the complaint be dismissed without leave to amend.

## I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff sues for Copyright Infringement, alleging that defendants infringed on the plaintiff's copyrighted illustrated characters in his children's book series called "The Simplys," which uses the catchphrase "We are Simply Who We Are." ECF No. 1 at 1. Plaintiff wrote "The Simplys" and created a copyright notice on November 11, 2017. Id. at 3. Plaintiff first used "The Simplys" in commerce on October 15, 2019. Id. The motto of "The Simplys" is "Our normal is not your normal, but we're still normal kids." Id. at 4. The Simplys are a unique set of characters with visible disabilities. Id. For example, "Brooklyn" has vitiligo and is visually impaired; "Sassy" has a peg leg; "Kimiko" was hit by a drunk driver and uses a wheelchair; and so forth. Id. Plaintiff wrote sixteen books in "The Simplys" series. Id. at 5.

Defendant Mattel has a new line of dolls with different physical impairments, including a doll with vitiligo, a doll with a peg leg, and a doll in a wheelchair, and plaintiff alleges that these dolls are based on the illustrations in The Simplys books. Id. at 6-7. Plaintiff did not give Mattel permission to turn his characters into dolls. Id. Plaintiff alleges that defendant Stacey Rene James (Carson), his ex-wife, conspired with her cousin defendant Rhonda Valdry, to use and profit from plaintiff's copyright by making a deal with Mattel, for which plaintiff has not received

any profit. Id. at 8. Defendant Carl Tenbrink is alleged to have willfully infringed on plaintiff's copyright by producing and manufacturing dolls substantially similar to The Simplys characters. Id. at 9. Plaintiff was able to confirm the unauthorized production of the dolls in 2023 by viewing a segment on Good Morning America with Robin Roberts, and he was told his character illustrations were being sold in stores around April of 2020, though he cannot confirm or deny that due to his incarceration; he notified Tenbrink of the infringement, but Tenbrink did not respond. Id. at 9. Plaintiff has been unable to negotiate a reasonable license for creating dolls based on his illustrations. Id. at 10. Plaintiff alleges defendant Sonos Product Development infringed on his copyrights by using his images for commercial use in furtherance of its doll business. Id.

IV. Failure to State a Claim

Plaintiff's sole cause of action is for Copyright Infringement under federal law and state common law. ECF No. 1 at 1. As a preliminary matter, the court notes that there is no state copyright law, and any common law claims are preempted by federal copyright law. Best Carpet Values, Inc. v. Google, LLC, 90 F.4th 962, 974 (9th Cir. 2024). In order for a plaintiff to state a federal Copyright Infringement claim, "(1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. See 17 U.S.C. § 501(a)." A&M Recs., Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).

> Copyright protection 'subsists ... in original works of authorship fixed in any tangible medium of expression.' 17 U.S.C. § 102(a). This protection has never accorded the copyright owner complete control over all possible uses of his work. Rather, the Copyright Act grants the copyright holder "exclusive" rights to use and to authorize the use of his work in five qualified ways, including reproduction of the copyrighted work in copies. Id., § 106.14.

Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 432–33 (1984). The Copyright Act expressly states that "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

Here, even if the court were to assume that plaintiff's copyright is valid and that the facts he alleges are true, his claim necessarily fails because the use he alleges is expressly excluded from copyright protection. Plaintiff is not challenging the direct reproduction of his books; instead, he asserts that his concept – representing children with specific physical disabilities and/or visible differences – was stolen by defendants, who sold dolls with those same physical characteristics. This type of allegation, that a concept or principle was taken from a work and used in another form, is expressly *not* subject to copyright protection. 17 U.S.C. § 102(b). Further, the fact that plaintiff created and/or owned illustrations of characters with physical traits shared by many people (vitiligo, wheelchair use, limb differences, etc.) and Mattel *also* created dolls with these physical traits, plainly does not give rise to an inference that Mattel utilized plaintiff's intellectual property in any way in creating its dolls. These physical traits are represented in the general community and are present in many illustrations, dolls, photographs, and advertisements. The facts alleged by plaintiff are, on their face, insufficient to state a claim for copyright infringement. Accordingly, the complaint must be dismissed.

V. Leave to Amend Should Not be Granted

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. Plaintiff's allegations do not state viable claims for relief and, given the nature of the claims, leave to amend would be futile and it will therefore be recommended that the complaint be dismissed without leave to amend. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013)

("A district court may deny leave to amend when amendment would be futile." (citation omitted)).

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. However, the facts of your case make it clear that you do not have a claim for a copyright violation. There is no copyright protection for ideas or concepts. Because of this, it is being recommended that your complaint be dismissed without leave to amend. You may object to this recommendation within 21 days. The District Judge will make the final decision.

V. Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS FURTHER RECOMMENDED that the complaint (ECF No. 1) be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE